UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ELI RIVERA,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**COUNTY OF PASSAIC, PASSAIC COUNTY SHERIFF'S DEPARTMENT, JERRY SPEZIALE AS SHETIFF OF THE PASSAIC COUNTY SHERIFF'S DEPARTMENT, CHARLES MEYERS AS WARDEN OF THE PASSAIC COUNTY JAIL, MICHAEL DUNLOP AS A PASSAIC COUNTY SHERIFF LIEUTENANT, CAPTAIN SCOTT SMITH AS COMMANDER OF THE PATROL DIVISION AND JOHN DOES 1-20 (fictitious names),**<br><br>    **Defendants.** | Civ. No. 2:11-cv-619 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Presently before the Court is a motion for summary judgment filed by Defendants County of Passaic, Passaic County Sheriff's Department, Jerry Speziale, Charles Meyers, Michael Dunlop, and Scott Smith pursuant to Federal Rule of Civil Procedure 56. The motion is unopposed. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion for summary judgment is **GRANTED**.

**I.  BACKGROUND**

For purposes of this motion, it is sufficient to note the following undisputed facts:[1] First, that Plaintiff Eli Rivera was employed by Defendant Passaic County Sheriff's

---

[1] Where, as here, the non-moving party fails to oppose the motion for summary judgment by written objection, memorandum, affidavits and other evidence, the Court "will accept as true all material facts set forth by the moving party with appropriate record support." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990).

Department (the "Sheriff's Department") from 1990 through 2008. (Compl. ¶ 1, ECF No. 1; Defs.' Statement of Undisputed Material Facts ¶¶ 1, 7 ECF No. 32.) <u>Second</u>, that in the course of his employment with the Sheriff's Department, Plaintiff was disciplined for misconduct on several occasions, including an April 2008 suspension for being insubordinate to his supervisor, Defendant Michael Dunlop. (Pl.'s Dep. 53-57, Dec. 14, 2011; Defs.' Statement of Undisputed Material Facts ¶ 3.) And <u>third</u>, that the Sheriff's Department terminated[2] Plaintiff on September 28, 2008 after psychiatrist Dr. Daniel Schievella conducted a fitness for duty evaluation on Plaintiff and determined that he was not fit for employment with the Sheriff's Department. (Pl.'s Dep. 99:3, Dec. 14, 2011; Defs.' Statement of Undisputed Material Facts ¶¶ 6-7.)

Thereafter, on February 2, 2011, Plaintiff filed the present Complaint, alleging that certain actions of Defendants Michael Dunlop and Scott Smith prior to Plaintiff's termination were discriminatory and created a hostile work environment, in violation of Title VII, 42 U.S.C. § 2002e-2, *et seq.* (Count One), and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-12, *et seq.* (Count Two). And further, that in light of those actions, Defendants Passaic County, Passaic County Sheriff's Department, Charles Myers, and Jerry Speziale are "equally responsible for the discrimination suffered by plaintiff" because they were negligent in their hiring and supervision of Dunlop and Smith (Count Three). (Compl. ¶ 27.)

Plaintiff was subsequently deposed on August 16, 2012. The following exchange occurred at that deposition:

> Q. You're not alleging in this case, though, that the [Sheriff's Department] discriminated against you based upon your race, are you?
>
> A. I'm just saying he treated me differently.
>
> Q. I understand that. I'm talking about an actual allegation in your complaint. You're not alleging that they did racial discrimination. Right?
>
> A. No. No. No. I'm just saying that he treated – I know he treated me differently based on the others.
>
> Q. What about discrimination based upon your age, are you claiming that?
>
> A. No.
>
> Q. What about your sex?
>
> A. No, I'm not.

---

[2] On March 13, 2009, that termination was formally designated as a resignation in good standing. (Initial Decision from OAL, ECF No. 32.)

> Q. How about like your marital or familial status, are you claiming that?
>
> A. No.
>
> Q. Military service, are you claiming that?
>
> A. No.
>
> Q. What about based upon AIDS or HIV or mental or physical disability, are you claiming that?
>
> A. No.

(Pl.'s Dep. 24:1-25, Aug. 16, 2012, ECF No. 32; Defs.' Statement of Undisputed Material Facts ¶ 14.) Defendants now move for summary judgment in light of that deposition testimony, based on their assertion that the undisputed facts demonstrate that there is no actionable category of discrimination in this case. As noted earlier, the motion is unopposed.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990).

On a motion for summary judgment, the Court considers all evidence and inferences drawn therefrom in the light most favorable to Plaintiff, the non-moving party. *Andreoli v. Gates*, 482 F.2d 641, 647 (3d Cir. 2007). Moreover, Plaintiff's failure to respond to the present motion does not automatically mean summary judgment is proper. *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)

That being said, "the nonmoving party may not, in the face of a showing of a lack of a genuine issue, withstand summary judgment by resting on mere allegations or denials in the pleadings; rather, that party must set forth 'specific facts showing that there is a genuine issue for trial,' else summary judgment, 'if appropriate,' will be entered." *United States v. Premises Known as 717 South Woodward Street, Allentown, Pa.*, 2 F.3d 529, 533 (3d Cir. 1993) (quoting Fed.R.Civ.P. 56(e)) (citations omitted).

## III. DISCUSSION

Under Title VII, it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

42 U.S.C. § 2000e-2(a)(1).

Similarly, under the NJLAD:

"It shall be an unlawful employment practice . . . For an employer, because of the race, creed, color, national origin, ancestry, age, marital status, civil union status, domestic partnership status, affectional or sexual orientation, genetic information, sex, gender identity or expression, disability or atypical hereditary cellular or blood trait of any individual, or because of the liability for service in the Armed Forces of the United States or the nationality of any individual, or because of the refusal to submit to a genetic test or make available the results of a genetic test to an employer, to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

N.J.S.A. § 10:5-12(a).

Under both statutes, to state a *prima facie* claim for unlawful discrimination, a plaintiff must show that: (1) he is a member of a protected class; (2) he is qualified for the position; (3) he suffered an adverse employment action despite being qualified; and (4) the action occurred under circumstances giving rise to an inference of unlawful discrimination, such as when non-members of the protected class are treated more favorably than the plaintiff. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Erickson v. Marsh & McLennan Co.*, 117 N.J. 539, 549-50 (1990); *see also, e.g., Davis v. City of Newark*, 417 Fed.Appx. 201 (3d Cir. Mar. 10, 2011) (noting the same standard is applicable to both statutes).

In this case, it is undisputed that Plaintiff gave testimony stating that the allegedly unfair treatment he received while employed by the Sheriff's Office was not based on his race, sex, military service, or any mental or physical disability. (Pl.'s Dep. 24:1-15, Aug. 16, 2012; Defs.' Statement of Undisputed Material Facts ¶ 14.) This evidence strongly suggests that Plaintiff is without legal recourse under the NJLAD or Title VII. Unsurprisingly, and in light of that testimony, Plaintiff fails to present any facts – in his pleading or elsewhere in the record – demonstrating: (1) that he is a member of an NJLAD or Title VII protected class; (2) that non-members of any such protected class were treated more favorably than Plaintiff; or (3) that such treatment was done in a manner which gives rise to an inference of unlawful discrimination. Nor does the Court's independent review of the factual record support such a finding. As such, even assuming all evidence in the light most favorable to Plaintiff, the undisputed facts of record demonstrate that even if Plaintiff received less favorable treatment than other Sheriff's Office employees, it was not based on his membership in a class protected by Title VII or the NJLAD.

In short, there are no material facts in dispute suggesting that Defendants Dunlop or Smith committed an act of discrimination which is actionable under Title VII or the NJLAD, and as such, the Court finds that summary judgment on Counts One and Two is appropriate. Accordingly, it follows that there are no material facts in dispute demonstrating how Defendants Myers, Speziale, Passaic County, or Passaic County Sheriff's Department – who Plaintiff alleges "are equally responsible for the discrimination suffered by Plaintiff" – are liable for allowing these purported acts of unlawful discrimination to occur, and thus, the Court finds that summary judgment on Count Three is proper. As such, Defendants' motion for summary judgment will be **GRANTED**, in its entirety. *See McKinnon v. Gonzales*, 642 F. Supp. 2d 410, 436 (D.N.J. 2009) (granting summary judgment on plaintiff's disparate treatment claim where only evidence to support that claim was found in the allegations set forth in plaintiff's complaint).

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment is **GRANTED**. An appropriate order follows.

　　　　　　　　　　　　　　　　　　　　/s/William J. Martini
　　　　　　　　　　　　　　　　　　**WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 27, 2013**