UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELI S. RIVERA,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF PASSAIC, PASSAIC COUNTY SHERIFF'S DEPARTMENT, JERRY SPEZIALE AS SHERIFF OF THE PASSAIC COUNTY SHERIFF'S DEPARTMENT, CHARLES MEYERS AS WARDEN OF THE PASSAIC COUNTY JAIL, MICHAEL DUNLOP AS A PASSAIC COUNTY SHERIFF LIEUTENANT, CAPTAIN SCOTT SMITH AS COMMANDER OF THE PATROL DIVISION AND JOHN DOES 1-20 (fictitious names),<br><br>    Defendants. | Civil No. 11-619<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

**WILLIAM J. MARTINI, U.S.D.J.:**

  This matter comes before the Court on Plaintiff Eli S. Rivera's motion for reconsideration of the Court's June 27, 2013 Opinion and Order (ECF Nos. 33 and 34) pursuant to Local Civil Rule 7.1(i). For the reasons stated below, Plaintiff's motion for reconsideration is **DENIED**.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

  As an initial matter, the Court wishes to make clear that throughout the pendency

of this litigation, Plaintiff has been represented by Sal Greenman and Jonathan Greenman[1] of the Law Offices of Sal Greenman & Associates ("Plaintiff's Counsel"). Consistent with Federal Rule of Civil Procedure 5(b) and Local Civil Rule 5.2, Plaintiff's Counsel receives service of documents in this action through the Court's electronic filing system at the email address greemanlaw@optonline.net, and has thereby waived their right to receive notice by first class mail.

For purposes of Plaintiff's reconsideration motion, it is sufficient to note the following additional facts:[2] On February 2, 2011, Plaintiff commenced this employment discrimination action against various individuals and entities related to the Passaic County Sheriff's Department, including Defendants County of Passaic, Passaic County Sheriff's Department, Scott Smith, Michael Dunlop, Charles Myers, and Jerry Speziale (the "Passaic County Defendants"). On December 18, 2012, the Court directed the parties to file their summary judgment motions within 30 days. In response, on February 1, 2013, the Passaic County Defendants filed their summary judgment motion.

The record indicates that Defendants' summary judgment papers were e-mailed to greenmanlaw@optonline.net on February 1, 2013 at 6:20 p.m. In addition – and although not required to – Defendants sent a paper copy of their motion papers to Plaintiff's

---

[1] Although Sal Greenman is the attorney of record on the Court's electronic docket, Jonathan Greenman has also indicated that he represents Plaintiff. (*See* Jonathan Greenman Cert. ¶ 1, ECF No. 37-1.)

[2] For a more complete factual background, please refer to the Court's June 27, 2013 Opinion (ECF No. 33).

2

Counsel at 12-47 River Road, P.O. Box 1065, Fairlawn, New Jersey 07410, (*see* ECF No. 38), which is the physical mailing address provided by Plaintiff's Counsel to this Court (the "Fairlawn Mailing Address"). However, Plaintiff's Counsel failed to file any formal opposition or any other document challenging either the timeliness or the substance of the Passaic County Defendants' motion. And on June 27, 2013 – nearly four months later – the Court granted Defendants' unopposed motion for summary judgment after determining that no actionable category of discrimination occurred in this case.

On June 28, 2013, Plaintiff's Counsel filed a letter indicating that they were unaware of the Passaic County Defendants summary judgment motion. And on July 9, 2013, Plaintiff's Counsel filed a formal motion requesting that the Court reconsider its dismissal of this action in light of that ignorance.

## II.  DISCUSSION

### a.  Standard of Review

A motion for reconsideration under Local Civil Rule 7.1(i) may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Café by Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (*citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)). Relief by way of a motion for reconsideration is considered an "extraordinary remedy," to be granted only

sparingly. *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F.Supp. 513, 516 (D.N.J. 1999).

b. **Application**

In support of their reconsideration request, Plaintiff's Counsel's principal argument is that they were unaware of the summary judgment motion, in part because Jonathan Greenman was on paternity leave around the time the motion was filed, and in part because Mr. Greenman expected that any summary judgment papers would have been filed by January 17, 2013. (Cert. of Jonathan Greenman, ECF No. 37-1.) However, these assertions fail to compel reconsideration.

To begin with, Defendants' motion for summary judgment was sent to the e-mail address Plaintiff's Counsel provided to the Court, and thus Plaintiff's Counsel were properly notified of the pending motion. In addition, and although not required to, Defendants sent a paper copy of their summary judgment papers to Plaintiff's Counsel at the Fairlawn Mailing Address. Under these circumstances, the Court is hard-pressed to believe Plaintiff's Counsel were unaware that a motion for summary judgment had been filed in this lawsuit. But even if Plaintiff's Counsel truly were unaware of Defendants' summary judgment motion, their ignorance does not provide a basis for reconsideration, especially when one considers that Plaintiff's Counsel failed to file any submission or make any other inquiry with the Court about the status of this action in the nearly four months that lapsed between Defendants' summary judgment filing and the Court issuing

its Opinion and Order.  *See, e.g., Antoine v. Rucker*, No. 03-3738, 2007 WL 1749961 (D.N.J. June 14, 2007) ("It is counsel's responsibility to monitor the activity occurring in his actions before the court.").

In short, because Plaintiff has failed to show (1) an intervening change in the controlling law; (2) newly discovered evidence, or (3) the need to correct a clear error of law or fact to prevent manifest injustice, his motion for reconsideration will be denied.

## III. CONCLUSION

For the reasons stated above Plaintiff Eli S. Rivera's motion for reconsideration will be **DENIED**.  An appropriate Order accompanies this Opinion.

s/William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 6, 2013**